Pegram v. Culver.

---

## Edward L. Pegram and Joseph C. Hostetler v. John H. Culver.

1. VERDICTS—*Upon Conflicting Evidence, Conclusive.*—Where the issue in a suit upon promissory notes is payment and settlement, and the evidence is conflicting, the verdict of the jury, in the absence of error on the part of the trial judge, is conclusive.

Assumpsit, on promissory notes. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 20, 1901.

I. A. BUCKINGHAM and W. C. JOHNS, attorneys for appellants.

C. E. SCHROLL, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit tried by jury in the Circuit Court of Macon County, in which appellants sued appellee upon two promissory notes, both dated February 29, 1896, each for the sum of $232.50, due six months after date, with interest at the rate of seven per cent per annum from date until paid, and each payable to the order of Albert F. Summers, and by him assigned in writing on the back to appellants.

These notes on their face show that they were secured by a note and mortgage deposited with the payee as collateral security, which the payor authorizes the payee or his assigns to sell at any time at public or private sale, without notice, and out of the proceeds pay the notes sued upon and all expenses of sale.

The evidence shows that the two notes and mortgage referred to in the body of the notes sued upon in this case, were each dated August 29, 1895, one of the notes being for the sum of $232.50, the other for $233.75, both due six months after date, and payable to the order of said A. F. Summers, with seven per cent interest per annum from date, and were secured by mortgage upon real estate. Those two notes and the mortgage were given for $400, money borrowed by appellee from A. F. Summers, and $66.25 usury, and when those notes matured on February 29, 1896, the two notes sued upon were given by appellee to A. F. Summers for the amount due upon the two notes dated August 29, 1895, and the latter were left standing as collateral security for the new notes, and both sets of notes were assigned by A. F. Summers to appellants.

Appellee testified that appellants were told by him before they ever became the purchasers of the four notes, that they were all given solely for the $400 which he had borrowed of A. F. Summers, but appellants deny that he so told them, and claim they purchased the notes for value before maturity.

Before the suit in this case was commenced, appellants sued appellee upon the two notes dated February 29, 1895, and appellee tendered them $400.60 in payment thereof, which appellants accepted upon appellee paying all the costs of that suit, including attorney's fees, which the notes provided he should pay.

After receiving the $400.60 appellants credited $200.30 on each of the two notes sued upon in this case, and by this suit are trying to collect the balance due upon the notes according to the face thereof.

It is conceded by all parties that $400 is all the money that appellee borrowed, and there was no other consideration given for the four notes mentioned; and even if appellants did not know that fact when they first purchased the four notes of A. F. Summers, yet the evidence is uncontradicted that they knew it when they accepted the $400.60 in settlement of the first suit, which the evidence shows was a settlement of appellant's claim based upon the four notes.

As a defense to his action, appellee pleaded, among other pleas, a payment and settlement of the four notes given for the $400 loan, upon which appellants took issue, and that issue of fact, among others, was submitted to the jury, and they found for appellee, as they should under the evidence; hence all other alleged errors are of no avail to appellants since they have not been prejudiced thereby, because the verdict and judgment are right on the whole record. Therefore we affirm the latter.